IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elaine Murken, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 7631 |
| | ) | |
| Equable Ascent Financial, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Elaine Murken, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) most of the acts and transactions occurred here; b) Defendant is headquartered, resides and transacts business here.

## PARTIES

3. Plaintiff, Elaine Murken ("Murken"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a GE Capital Corp. debt, despite the fact that she was represented by the legal aid attorneys

at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6.      Defendant Equable is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Equable conducts business in Illinois.

7.      Moreover, Defendant Equable is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Equable acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8.      Ms. Murken is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a GE Capital Corp. account.  At some point in time after that debt became delinquent, it was bought by Defendant Equable, and when Equable began trying to collect this debt from Ms. Murken, she sought the assistance of the legal aid attorneys at the Chicago Legal

Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, Defendant Equable hired another debt collector and related company, Apex Financial Management, LLC ("Apex"), to demand payment of the GE Capital/Equable debt from Ms. Murken. Apex sent Ms. Murken a collection letter, dated March 3, 2010, demanding payment of the GE Capital/Equable debt. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on March 23, 2010, one of Ms. Murken's attorneys at LASPD informed Defendant Equable, through its agent, Apex, that Ms. Murken was represented by counsel, and directed Equable to cease contacting her, and to cease all further collection activities because Ms. Murken was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

11. Undeterred, Defendant Equable then had another debt collector, Rubin & Rothman, LLC ("Rubin"), send Ms. Murken a collection letter, dated August 2, 2010, which demanded payment of the GE Capital/Equable debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on August 26, 2010, Ms. Murken's LASPD attorney sent Defendant Equable another letter, through its agent, Rubin, directing Defendant to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And To Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Murken's agent, LASPD, told Defendant to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

18.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendant knew, or readily could have known, that Ms. Murken was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Equable, in writing, through its agent, that Ms. Murken was represented by counsel, and had directed a cessation of communications with Ms. Murken (Exhibit D). By directly sending Ms. Murken a collection letter, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elaine Murken, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Murken, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elaine Murken, demands trial by jury.

                                                Elaine Murken,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: December 1, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com